UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STANFIELD, | No. 2:25–cv–01410–SCR |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

  This is an action involving the review of a Social Security disability proceeding and is referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. L.R. 302(c)(15). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2.

  The motion does not show that Plaintiff should be allowed to proceed in forma pauperis ("IFP"). "[O]ne need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). The current application contains several omissions. The gross pay or wages line is left blank, instead of stating zero, if that is the intended answer. ECF No. 2 at 1. When

1

asked to list assets such as automobile, real estate, stocks, etc., Plaintiff merely lists "N/A." *Id.* at 2. Similarly, when asked to list monthly expenses, Plaintiff lists "N/A." It is difficult to believe that Plaintiff has no assets and no monthly expenses, if that is what "N/A" is intended to convey. In any event, considering Plaintiff's monthly income from pension benefits, he would not qualify for IFP status if his expenses are zero. Plaintiff has also listed the income of his spouse, but not indicated how income and expenses are shared. *See Escobedo*, 787 F.3d at 1236 ("Where a court wishes to rely on the income or assets of a litigant's spouse to assess eligibility for IFP status, a reasonable inquiry into the actual availability of the spouse's assets must be made.").

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall supplement the application to proceed IFP to address the deficiencies described above within 14 days of the date of this Order.
2. Alternatively, Plaintiff may pay the filing fee.
3. If Plaintiff does not supplement the application or pay the filing fee within 14 days, the Court will deny the IFP motion.

IT IS SO ORDERED.

DATED: May 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE