UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STANFIELD, | No.  2:25-cv-01410-SCR |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, *et seq*.  The matter is before the undersigned pursuant to Local Rule 302(c)(15) and 28 U.S.C. § 636(b)(1).  Plaintiff argues that the ALJ "improperly dismissed [a] VA disability rating decision."  ECF No. 10 at 3.  Plaintiff contends that based on *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), this matter should be remanded for an immediate award of benefits.  For the reasons that follow, the Court will recommend that Plaintiff's motion for summary judgment be DENIED and the Commissioner's cross-motion for summary judgment be GRANTED.  The Clerk of Court is directed to assign a District Judge to this case.

1

# I.  PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits in September 2023, alleging disability beginning in August 2018.  Administrative Record ("AR") 20.[1]  The application was disapproved initially, and on reconsideration.  On January 14, 2025, administrative law judge ("ALJ") Sara Gillis presided over a hearing on the disapproval.  AR 31-53 (transcript).  Plaintiff participated in the hearing, and was represented by counsel.  A vocational expert, Susan Creighton-Clavel also testified.  AR 50-52.

On January 22, 2025, the ALJ issued an unfavorable decision, finding Plaintiff was not under a disability, as defined in the Act, from August 3, 2018, through the date last insured, June 30, 2023.  AR 17-26 (decision).  On March 17, 2025, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3 (decision).

Plaintiff filed this action on May 19, 2025.  ECF No. 1.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been briefed.  ECF Nos. 10 & 12.

# II.  FACTUAL BACKGROUND[2]

Plaintiff was 39 years old at the time of the alleged onset of disability in 2018, and 46 at the time of the hearing before the ALJ.  AR 34.  Plaintiff has a college education.  AR 34.  Plaintiff previously served in the military as both active duty and with the National Guard.  AR 36.  Plaintiff did not have any past relevant work during the five years preceding the administrative hearing.  AR 35, 50.  Plaintiff testified concerning his various impairments and their impact on his activities of daily living.  Plaintiff offered testimony concerning back pain,

/////

---

[1]  The AR is electronically filed at ECF No. 9.  Page references to the AR are to the number in the lower right corner of the page.  For briefs, page references are to the CM/ECF generated header in the upper right corner.
[2] The Court will not set forth the factual background/medical evidence in detail as the only contested issue is the ALJ's consideration of the Department of Veterans Affairs (VA) disability rating.  Plaintiff does not challenge the ALJ's consideration of subjective symptom testimony or the ALJ's consideration of the medical evidence.

headaches, and PTSD.  AR 36-37.  Plaintiff also testified about various treatments, including chiropractic, massage therapy, physical therapy and pain medication.  AR 37, 41.

The vocational expert (VE) testified that a person of Plaintiff's age and education, with Plaintiff's limitations, would be able to perform work in the national economy.  AR 51.  The VE identified three positions: Information Clerk, Mailroom Clerk, and Storage Facility Clerk, all of which were light exertional level.  AR 51.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive[.]'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one

3

of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability insurance benefits are available for eligible individuals who are "under a disability." 42 U.S.C. § 423(a)(1)(E).  An individual is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §423(d); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

### V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity during the period from his alleged onset date of August 3, 2018 through his date last insured of June 30, 2023 (AR 19).
>
> 2. [Step 2] The claimant has the following severe impairments: cervical disc disease, thoracic disc disease, and lumbar disc disease (AR 19).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 21-22).
>
> 4. [Preparation for Step 4] The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally bend, stoop, and crouch (AR 22).
>
> 5. [Step 4] The claimant has no past relevant work. (AR 24).

6. [Step 5] The claimant was born in 1978 and was 44 years old on the date last insured, which is defined as a "younger individual." 20 CFR § 404.1563 (AR 32).

7. [Step 5, continued] The claimant has at least a high school education (20 C.F.R. 404.1564) (AR 24).

8. [Step 5, continued] Transferability of job skills is not at issue because the claimant does not have past relevant work (AR 24).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 24-25).

10. The claimant has not been under a disability, as defined by the Act, from August 3, 2018, through June 30, 2023 (AR 26).

## VI.  ANALYSIS

Plaintiff raises only one issue before this Court – that the ALJ erred in dismissing his VA disability rating.  ECF No. 10 at 3-4.  Plaintiff relies on *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), to argue that the ALJ was required to give the VA rating "great weight," and was required to provide "a persuasive, specific, valid reason" for discounting it.  ECF No. 10 at 4.  The Commissioner argues that the ALJ's assessment of the VA rating complied with the revised regulations and binding Ninth Circuit precedent.  ECF No. 12 at 5.  The Commissioner argues that by raising only one issue, Plaintiff has waived all other challenges to the ALJ's decision.  *Id.* at 3.  Plaintiff did not file an optional reply brief to counter the waiver assertion.

Plaintiff offered in the record an assessment by the VA of 100% disability as of September 23, 2020.  AR 404.  Plaintiff also submitted medical records from the VA.  AR 424-546.[3]  The ALJ was aware of these records and mentioned their recent admission at the hearing.  AR 33.  The ALJ referenced the VA medical records in her assessment of impairments.  AR 20 ("Relative to carpal tunnel syndrome and left patellofemoral pain syndrome, records indicated Veterans' Affairs assessments of 10% for each impairment.").  The ALJ specifically found the VA's evaluation of service-connected disability to be "neither valuable nor persuasive" and cited

/////

---

[3] Most, if not all, of these medical records at Exhibit 4F are from 2024 and 2025 and thus are after the date last insured of June 30, 2023.

6

to the POMS (Program Operations Manual System) utilized by the Social Security Administration.[4]  AR 21 & 24.

Plaintiff relies on *McCartey* to argue that the ALJ did not appropriately consider the VA rating.  In *McCartey*, the Ninth Circuit addressed as a matter of first impression "the evidentiary significance of a VA disability rating."  *Id.* at 1075.  The court surveyed the law from other Circuits and concluded that "although the VA rating of disability does not necessarily compel the SSA to reach an identical result," the ALJ must consider the VA's finding.  *Id*. at 1076.  The court then concluded that an "ALJ must ordinarily give great weight to a VA determination of disability."  *Id*.

However, Plaintiff's reliance on *McCartey* is misplaced because *McCartey* has been superseded by revised regulations, as recognized by the Ninth Circuit in *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) ("*McCartey*'s theory and reasoning is clearly irreconcilable with the revised regulations.").  The revised regulations, effective March 27, 2017, provide in part that decisions by other governmental agencies are made "for their own programs using their own rules" and are not binding upon the SSA.  20 C.F.R. § 404.1504.  The regulations further provide the agency "will not provide any analysis in our determination or decision about a decision made by any other governmental agency."  *Id*.  Such determinations are considered by the regulations to be "inherently neither valuable or persuasive."  20 C.F.R. § 404.1520b(c)(1).

"The 2017 regulations provide that '[d]ecisions by other governmental agencies,' including the VA, are 'inherently neither valuable or persuasive,' and thus, an ALJ is not required to include any analysis about 'a decision made by any other governmental agency.'"  *Kitchen*, 82 F.4th at 738 (citation omitted).  Here, the ALJ stated that the VA disability rating was neither valuable or persuasive and did not provide further explanation.  That is the approach set forth in the regulations and is consistent with the Ninth Circuit's decision in *Kitchen*.  As stated by the Ninth Circuit: "Put simply, the 2017 regulations removed any requirement for an ALJ to discuss

---

[4] "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ."  *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1073 (9th Cir. 2010).  POMS interpretations "are entitled to respect, but only to the extent that those interpretations have the power to persuade."  *Id.* (quotation and citation omitted).

another agency's rating. Thus, it was not error for the ALJ to exclude Kitchen's VA disability rating from her analysis." *Id.* at 739.

Plaintiff's claim was filed in 2023. It is subject to the revised regulations, which took effect in 2017. Under the revised regulations and the Ninth Circuit's decision in *Kitchen,* the ALJ was not required to undertake the analysis set forth in *McCartey*, as Plaintiff urges here. *See Davenport v. O'Malley*, 2024 WL 3579491 (9th Cir. July 30, 2024) (stating argument that ALJ must give "great weight" to VA determination "is foreclosed" and citing *Kitchen*). There was no error in the ALJ's consideration of the VA rating.

## VII.  CONCLUSION

Plaintiff has not demonstrated legal error in the ALJ's consideration of the VA disability rating and has not otherwise challenged the sufficiency of the evidence supporting the ALJ's decision. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or is based on legal error.").

**IT IS HEREBY ORDERED:** The parties have not returned their consent forms (*See* ECF No. 13), and accordingly the Clerk of Court shall assign a District Judge to this matter who will consider these Findings and Recommendations.

Further, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion for summary judgment (ECF No. 10) be DENIED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 12) be GRANTED; and

3.  The Clerk be directed to enter Judgment in favor of the Commissioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

*Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March9, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9